

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 22, 1974

The Honorable Gordon H. Green
Bailey County Attorney
P. O. Box 611
Muleshoe, Texas 79347

Opinion No. H- 429

Re: Whether a commissioners'
court is required to set equal
salaries for all constables
within the county.

Dear Mr. Green:

You have asked our opinion on whether a county commissioners court in a county of less than 20,000 inhabitants, is required to set equal salaries for constables elected from different precincts.

On January 1, 1972, the salary for the Constable of Precinct One, was fixed by the commissioners court at $100.00 per month. At that time there were no constables serving Precincts Two and Three, and consequently, no salary was set for the constable in either precinct.

At the General Election in 1972 a constable was elected from each precinct. Their 1973 salaries were set by the commissioners court at $100 per month for the Constable of Precinct One, and $10 per month for each Constable elected from Precincts Two and Three.

Your question is whether Article 3912k, V.T.C.S., enacted by the 62nd Legislature in 1971, requires the commissioners court to set the 1973 salaries of all three constables at an amount not less than the 1972 salary of the constable who served Precinct One during 1972.

Article 3912k provides, in part:

> . . . the commissioners court of each county shall
> fix the amount of compensation, office expense,

> travel expense, and all other allowances for county
> and precinct officials and employees who are paid
> wholly from county funds, <u>but in no event shall such
> salaries be set lower than they exist at the effective
> date of this Act.</u> (emphasis added)

The effective date of the Act was January 1, 1972, § 9, Art. 3912k, V. T. C. S. Although the Act does not define "county and precinct officials and employees," the term "precinct officials" customarily refers to justices of the peace and constables. <u>See</u>, for instance, Art. 3912e, §17, V. T. C. S.

This portion of Art. 3912k, § 1 does prohibit the commissioners court from fixing a salary for a constable which is lower than the salary <u>which existed</u> on January 1, 1972, but it does not require that equal salaries be fixed for all constables, nor in our opinion does it prescribe a minimum salary for a precinct official if no salary was fixed for such office on January 1, 1972, and no minimum salary for it was previously required by law.

Before the effective date of Art. 3912k, the payment of constables' salaries was controlled by Art. 3912i, but it specified no minimum salary for such offices in counties of less than 20,000 inhabitants. It did speak to the matter of unequal salaries, however.

Section 9 thereof provided:

> Sec. 9. The Commissioners Court shall not be
> required to fix the salaries in all precincts at
> equal amounts, but shall have discretion to deter-
> mine the amount of salaries to be paid each Justice
> of the Peace and each Constable in the several
> precincts on an individual basis without regard to
> the salaries paid in other precincts or to other
> officials . . . .

The enactment of Art. 3912k repealed Art. 3912i to the extent that it "prescribes the compensation, office expense, travel expense, or any other allowance" for any official covered by Art. 3912k, but we do not think the authority of the commissioners court to reasonably prescribe unequal salaries to constables has been altered.

## SUMMARY

It is not illegal for commissioners courts to reasonably prescribe different salaries for the constables of the separate county precincts.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg